```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

WALTER DIXON, JR.,

        Plaintiff,

vs.                         Case No.   2:03-cv-159-FtM-99DNF

SHERIFF JOHN DOE, DeSoto County,
DEPUTY SHERIFF MR. CARROLL, INMATE
RON JACKSON and DESOTO COUNTY JAIL,

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon Defendant Carroll's Motion for Summary Judgment with attached Exhibits (Doc. #27) filed May 12, 2006. Plaintiff twice was advised of the provisions of Fed. R. Civ. P. 56 (Doc. #11 and Doc. #29) but failed to file any response to Defendant Carroll's Motion. This matter is now ripe for review.

**I.**

Plaintiff, proceeding *pro se* and while a prisoner confined within the Florida penal system, filed a civil rights complaint form pursuant to 42 U.S.C. §1983 (hereinafter "Complaint," Doc. #1). Plaintiff claims Eighth Amendment[1] violations stemming from Defendant Carroll's alleged failure to protect Plaintiff from an

---

[1] According to the Complaint, Plaintiff was "awaiting the disposition of criminal charges" at the time of the incident. Complaint, Section IV., Statement of Claim, page 5. Consequently, as a pretrial detainee, Plaintiff's rights arise from the Fourteenth Amendment, though the case law developed with regard to the Eighth Amendment prohibitions is analogous. <u>Cook ex. rel Estate of Tessier v Sheriff of Monroe County Fla.</u>, 402 F.3d 1092, 1115 (11th Cir. 2005).

assault by another inmate that occurred on April 27, 2001 at the DeSoto County Jail. Plaintiff claims that he and inmate Jackson were in a holding cell together and had finished playing a "friendly game of cards" when inmate Jackson punched and attacked Plaintiff. Complaint, page 5, Section IV. Plaintiff sustained a laceration below Plaintiff's left eye, "which began to bleed profusely." Id. Plaintiff acknowledges that Defendant Carroll responded to the "commotion" within "two to three minutes." Id. Plaintiff claims he requested Defendant Carroll to remove him from the holding cell because he "was in fear of further attacks" by inmate Jackson, but Defendant Carroll refused. Id. at pages 5-6. Instead, Defendant Carroll sent a jail trustee into the holding cell with a mop and bucket to clean up the blood. Id. at pages A-1. Inmate Jackson grabbed the mop from the jail trustee and repeatedly struck Plaintiff in the face with it. Id. Plaintiff suffered serious injuries to his face, and underwent a five-hour surgery that necessitated pins being placed in Plaintiff's cheek. Id. at pages A-2. Plaintiff seeks compensatory damages in the amount of $100,000 and injunctive relief. Id. at page 6.

On June 1, 2005, the Court *sua sponte* dismissed Plaintiff's Complaint against the three other named Defendants: Sheriff John Doe, Inmate Ron Jackson and DeSoto County Jail (Doc. #11). On January 18, 2006, the Court denied Defendant Carroll's Motion to Dismiss Plaintiff's Complaint due to Plaintiff's alleged failure to exhaust his available administrative remedies. (Doc. #21.)

Defendant Carroll now moves for summary judgment. In support of his Motion, Defendant submits the following: 1) Affidavit of Defendant Carroll ("Carroll Aff." Ex. A); 2) Incident Report dated April 27, 2001 (Ex. A-1); 3) Affidavit of Detective Maria Trevino ("Trevino Aff." Ex. B); 4) Witness Affidavit of [Plaintiff] Inmate Walter Dixon dated April 29, 2001 ("Dixon Aff." Ex. B-1); Witness Affidavit of Inmate Ron Jackson dated April 29, 2001 ("Jackson Aff." Ex. B-2); Offense Incident Report, DeSoto County Sheriff's Office with attached Narrative dated April 29, 2001 (Ex. B-3); and Notice of Case Action dated May 17, 2001 (Ex. C). Based upon a review of the record, the Court finds that Defendant Carroll is entitled to summary judgment as a matter of law.

## II.

The Supreme Court made clear that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994.) But, not every injury that an inmate suffers at the hands of another inmate "translates into a constitutional liability." Id. at 834. In Carter v. Galloway, 352 F.3d 1346 (11th Cir. 2003) the Eleventh Circuit summarized the relevant principles:

> An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk. To survive summary judgment on his section 1983, Eighth Amendment claim, plaintiff was required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.

Id. at 1349 (citations and quotations omitted).

"Deliberate indifference is not the same thing as negligence or carelessness." Maldonado v. Snead, 168 Fed. Appx. 373 (11th Cir. 2006)(citing Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004)). "Merely negligent failure to protect" an inmate from an attack does not give rise to a §1983 claim. Carter, 352 F.3d at 1350.

To show that an official had subjective knowledge, the court is to inquire whether the defendant was aware of a "particularized threat or fear felt by [the plaintiff]." Id. "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment" and does not give rise to a constitutional violation. Farmer, 511 at 838. Whether an official had requisite knowledge is a question of fact that may be demonstrated by circumstantial evidence. Id. at 842. Consequently, evidence of past attacks which were "long-standing, pervasive, well-documented, or expressly noted by [ ] officials in the past" may be sufficient to find that the official had actual knowledge. Id. However, general knowledge that a particular inmate is a problem inmate with a well-documented history of prison disobedience who is prone to violence is not sufficient. Carter, 352 F.3d at 1349. See also McBride v. Rivers, 170 Fed. Appx. 648 (11th Cir. 2006).

**III.**

With respect to the standard for granting summary judgment, the Eleventh Circuit Court of Appeals has stated:

> [S]ummary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

In re Optical Techs., Inc., 246 F.3d 1332, 1334 (11th Cir. 2001). "A factual dispute alone is not sufficient to defeat a properly pled motion for summary judgment." Teblum v. Eckerd Corp., of Fla., Inc., Slip Copy, 2006 WL 288932 (M.D. Fla. 2006). "Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment." Lofton v. Secretary of Dept. of Children & Family Servs., 358 F.3d 803 (11th Cir. 2004). The parties' respective burdens and the Court's responsibilities are outlined as follows:

> The party seeking summary judgment bears the initial burden to demonstrate to the district court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show an absence of any genuine issue of material fact. Taylor v. Espy, 816 F. Supp. 1553, 1556 (N.D. Ga. 1993) (citation omitted). In assessing whether the movant has met this burden, the district court must review the evidence and all factual inferences drawn therefrom, in the light most favorable to the non-moving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992);

> Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there exist genuine issues of material fact. Matsushita Electric Industrial Co. v. Zenith Radio Corp.[,] 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).
>
> Applicable substantive law will identify those facts that are material. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. Id. For factual issues to be considered genuine, they must have a real basis in the record. Matsushita, 475 U.S. at 586-87, 106 S. Ct. at 1355-56. It is not part of the court's function, when deciding a motion for summary judgment, to decide issues of material fact, but rather determine whether such issues exist to be tried. Anderson, 477 U.S. at 249, 106 S. Ct. at 2135. The Court must avoid weighing conflicting evidence or making credibility determinations. Id. at 255, 106 S. Ct. at 2513-14. Instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a general issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918-19 (11th Cir. 1993); see Mulhall v. Advance Sec. Inc., 19 F.3d 586, 589-90 (11th Cir.), cert. denied, 513 U.S. 919 (1994); see also Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004).

"It is true that on a motion for summary judgment, all reasonable inferences must be made in favor of the non-moving party." Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) (citation omitted). "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" Id. (citations omitted). Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Burger King Corp. v. Weaver, 169 F.3d 1310, 1321 (11th Cir.)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)), reh'g and suggestion for reh'g en banc denied, 182 F.3d 938 (11th Cir.), cert. dismissed, 528 U.S. 948 (1999).

**IV.**

It is undisputed that, on April 27, 2001, Plaintiff and inmate Ron Jackson became involved in an altercation after the two finished playing a game of checkers together while they were in a holding cell at the DeSoto County Jail. (Incident Report, Ex. A-1; Jackson Aff. Ex. B-2; Dixon Aff. Ex. B-1).  Defendant Carroll provides detailed affidavits and other documentary evidence establishing that when he arrived at the cell the other inmates in the holding cell were restraining Plaintiff and inmate Jackson (Incident Report, Ex. A-1; Jackson Aff. Ex. B-2; Carroll Aff. Ex. A, ¶6); that Plaintiff never complained to Defendant Carroll of a

-7-

prior attack by inmate Jackson (Trevio Aff. Ex. B; Dixon Aff. Ex. B-1; Carroll Aff. Ex. A, ¶¶7-8); that Plaintiff never advised Defendant Carroll at any time that he was ever in fear of inmate Jackson (Carroll Aff. Ex. A, ¶¶7-8). Additionally, the evidence further demonstrates that Defendant Carroll promptly responded to the attack on Plaintiff (Complaint, page 5, Section IV; Dixon Aff. Ex. B-1; Carroll Aff. Ex. A, ¶6); that Defendant Carroll removed Plaintiff from the cell when he arrived (Dixon Aff. Ex. B-1; Carroll Aff. Ex. A, ¶6); and that Plaintiff was taken to medical for assessment after the attack (Carroll Aff. Ex. A, ¶6). The state attorney's office refused to prosecute inmate Jackson deeming the incident "to be a mutual fight between two inmates." (Notice of Case Action, Ex. C). Plaintiff has not responded to Defendant Carroll's evidence. Accordingly, there is no genuine issue of material fact as to whether Defendant Carroll was deliberately indifferent to a substantial risk of serious harm to Plaintiff.

Here, the Court finds that the undisputed evidence of record demonstrates that Defendant Carroll did not have subjective knowledge that Plaintiff was in risk of serious harm from inmate Jackson; and, thus as a matter of law Plaintiff cannot show Defendant Carroll was deliberately indifferent to Plaintiff's Eighth Amendment or Fourteenth Amendment rights. Any other claims not specifically addressed are found to be without merit.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Carroll's Motion for Summary Judgment (Doc. #27) is **GRANTED**.

2. The **Clerk of Court** shall: 1) enter judgment granting summary judgment in favor of defendant Carroll; 2) enter judgment dismissing the remaining defendants pursuant to the June 1, 2005, Order of Partial Dismissal (Doc. #11); 3) terminate any pending motions; and 4) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __14th__ day of July, 2006.

_____
JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record